IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-25 |
| | ) | |
| ABHIJEET DAS | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for said district, and respectfully submits the following Sentencing Memorandum to assist the Court in imposing a fair, reasonable, and just sentence.

## I.   BACKGROUND

A website by the name of Chatstep reported to law enforcement that one of its users uploaded suspected images of child pornography. After a thorough investigation by the Allegheny County District Attorney Investigations Unit, local law enforcement obtained a search warrant for the defendant's premises. On November 8, 2017, several law enforcement agents, including Special Agents from the FBI, executed the warrants and seized multiple electronic devices. A subsequent forensic review of the devices revealed a huge collection of child pornography – approximately 380 videos and 1000 still images. The videos and images included prepubescent children and sadistic and masochistic content.

## II. ARGUMENT

### A.   Sentencing Procedure

The Third Circuit in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), has required district courts to follow a three step procedure when imposing a sentence. First, the district court must calculate the defendant's Sentencing Guidelines range without regard to

departure motions.  Id. at 247.  In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision.  United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc).  Second, the court must rule on the parties' motions for upward or downward departures.  Id.  Third, the district court must consider the factors enumerated in § 3553(a), and exercise its discretion to craft a sentence that is appropriate under the circumstances of each particular case.  Id.  At the third step of the sentencing process, the court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors.  "[A] wrote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it." Cooper, 437 F.3d 324, 329 (3d Cir. 2006) See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties arguments and has a reasoned basis for exercising his own legal decision making authority.); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

      **B.**      **Child Pornography Crimes Warrant Stringent Sentences**

The defendant possessed a large collection of images and videos of child pornography depicting prepubescent children engaged in sexually explicit conduct.  The conduct is aggravated by the fact that some of the files that the defendant received depicted toddlers and graphic depictions of violence to the children.  It is apparent from a forensic review of the defendant's computers that he has a sexual interest in children.

The law is clear that child pornography crimes warrant stringent sentences. The Court of Appeals for the Third Circuit has expressed disapproval of extremely lenient, below guideline range sentences in these cases. In <u>United States v. Goff</u>, 501 F.3d 250 (3d Cir. 2007), the district court sentenced a child pornography defendant to four months imprisonment and a term of supervised release, even though the applicable guideline range was 37 to 46 months. The Third Circuit vacated the sentence and remanded for sentencing, holding that such a lenient sentence was unreasonable. <u>Id</u>. at 262. The court reasoned that the district court gave short shrift to the Sentencing Guidelines and did not properly consider a variety of 3553 factors. Specifically, the district court did not adequately consider the nature and circumstances of the offense, the need to promote respect for the law, the avoidance of unwanted sentencing disparities, and affording adequate deterrence. <u>Id</u>. at 258. Goff downplayed the seriousness of the offense by implying that it was a victimless crime, which was a solitary, private activity that was driven by his curiosity of the subject. The Third Circuit sternly rejected these claims as follows:

> Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography. These small victims may rank as no one else in Goff's mind, but they do indeed exist outside his mind. Their injuries and the taking of their innocence are far too real. There is nothing casual or theoretical about the scars they will bear from being abused for Goff's advantage. Far from persuading us that Goff's crime was relatively minor, his efforts to downplay the harm his actions have inflicted on others serve chiefly to highlight the concern the District Court should have had with Goff's failure to appreciate the seriousness of the offense.

<u>Id</u>. at 258-59. Goff argued that he was entitled to a downward departure/variance because he never acted out in any sexual way with children. <u>Id</u>. at 259. The Third Circuit forcefully dispatched this assertion by reasoning:

> He was not charged with molestation, so pointing out that he hadn't committed it is, in one sense irrelevant. In another more important

> sense, however, it does say something meaningful, albeit not what the defense intended. While the defense effort to draw a spectator-vs-participant distinction does not show that Goff's pornography crime was of less than ordinary severity, it does reemphasize that Goff failed to fully appreciate that severity. The simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials.

Id. The Court was also unpersuaded that Goff's allegedly exemplary life and charitable actions justified such a sentence. The district court's reliance upon Goff's lack of criminal history was also criticized because many child pornography defendants are first time offenders. Id. at 260-61. Lastly, the court noted that the district court failed entirely to consider the need for deterrence, which, in a child pornography case, serves to protect the children victimized by the material. Id. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it, and so the more it will be produced. Id. at 261 (citation omitted).

### C.      Consideration Of The 3553(a) Factors

Under Title 18, United States Code, Section 3553(a), the Court must consider several factors in fashioning a fair and just sentence. First, the nature and seriousness of the offense must be considered. Congress has explicitly recognized that child pornography offenses are "crimes of violence". Congress understood that the children used in the production of child pornography were the primary victims when it passed legislation prohibiting the sexual abuse and exploitation of children through pornographic means. United States v. Boos, 127 F.3d 1207, 1210 (9th Cir. 1997). As stated above, the Third Circuit has expressly addressed the seriousness of child pornography crimes and the need for stringent sentencing.

The defendant has pled guilty to the serious child pornography crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States

Code, Section 2252(a)(4)(B), in a manner that has triggered several fact-based enhancements. As part of his plea, the Defendant agreed to, among other things, enhancements for prepubescent minors, sadistic and violent conduct and more than 600 images. Additionally, the defendant contributed to the global child pornography market by searching for and collecting the images and videos depicting the victimization and exploitation of children on his computer. By any measure, this is an extremely serious offense.

Moreover, pursuant to Section 3553(a)(2)(B) of the Guidelines, sentences must provide adequate deterrence to others. "The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." United States v. Goldberg, 491 F.3d 668, 672 (7th Cir. 2007), quoted in Goff, supra, 501 F.3d at 261.

There is a critical need for the sentence to deter not only the defendant, but also any others who may be inclined to commit child pornography crimes. Child pornography offenses are most often committed in private settings that are remote from their victims. Such crimes are high-volume offenses that are drastically under reported. In fact, unlike most crime victims, the victims of child pornography offenses, while generally cognizant of the trafficking and collection of their sexual abuse images, are not able to report the time or the location of these crimes to the police. As a result, there is a premium on general deterrence because law enforcement officers, no matter how efficient and dedicated, will never be able to detect, let alone investigate and prosecute, more than a small fraction of the child pornography crimes that are committed. The defendant's sentence should, therefore, contain a period of imprisonment that not only disinclines him from engaging in further criminal behavior, but also is long enough to disincline others from attempting to commit crimes, particularly crimes against children.

The Court of Appeals for the Third Circuit has upheld a sentence of 100 months as procedurally and substantively reasonable for distribution and possession of material depicting the sexual exploitation of a minor. <u>United States v. Yard</u>, 558 Fed. Appx. 231 (3d Cir. March 3, 2014). In arriving at its sentence, the district court emphasized that the "primary sentencing factor in my view in this case is deterrence," and the "need to make clear that individuals who commit these crimes will go to jail for a significant period of time". <u>Id</u>. at *237.

Simply stated, the defendant's child pornography collection suggests that he has a sexual interest in young children. His decision to act in a criminal manner upon that sexual interest by collecting graphic sexual images of children over the Internet is a cause for serious concern. Accordingly, a guideline sentence in this case is sufficient, but not greater than necessary, to punish the defendant, and deter him and others from committing such crimes.

D. **Restitution**

Five victims submitted restitution requests. One of the victims has subsequently withdrawn her request. The Defendant's attorney is currently working with the other four victims' attorneys to reach a resolution on restitution. The United States will provide additional information to the Court when it is available.

    Respectfully submitted,

    SCOTT W. BRADY
    United States Attorney

    <u>/s/ Lee J. Karl</u>
    LEE J. KARL
    Assistant U.S. Attorney
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, Pennsylvania 15219
    (412) 644-3500 (Phone)
    (412) 644-4549 (Fax)
    Lee.Karl@usdoj.gov
    PA ID No. 87856