_____
                                              :
UNITED STATES                         :
                                              :
                                              :        UNITED STATES DISTRICT COURT
v.                                            :              WESTERN DISTRICT
                                              :              OF PENNSYLVANIA
                                              :
ABHIJEET DAS                         :                 2:18-CR-25
                                              :
_____ :


**DEFENDANT'S SENTENCING MEMORANDUM**


I. PRELIMINARY STATEMENT

    Abhijeet Das, by his attorney, Samir Sarna, and the law firm of Worgul, Sarna and Ness,

LLC, hereby submits the following sentencing memorandum in this matter. Pursuant to the

sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in Rita v. United States, 127 S. Ct.

2456 (2007), Kimbrough v. United States, 128 S. Ct. 558 (2007), Gall v. United States, 128 S. Ct.

586 (2007) and Nelson v. United States, 555 U.S. 338 (2009), Mr. Das respectfully requests that

the Court sentence Mr. Das to a period of 28 months imprisonment, to precede his immediate

deportation pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Mr. Das submits that the requested sentence

is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C.

§3553. In support of this request, counsel states:


II. BACKGROUND

            On February 6, 2018, the above-captioned Information was filed against Mr. Das,

charging him with one count of Possession of Material Depicting the Sexual Exploitation of a

Minor, in violation of 18 U.S.C. 2252(a)(4)(B). On March 6, 2018, Mr. Das pled guilty to the

charge in the Information, pursuant to the provisions of a plea agreement.

Mr. Das is a 28-year-old college student with no prior criminal history record. He was born in 1990 in Nagaon, India, and raised in a very loving, supportive, middle-class home. His parents live in Calcutta, India, where Mr. Das will ultimately return when he is deported after serving his sentence.

After graduating from Salt Lake High School in Calcutta, India in 2009, Mr. Das attended the India Institute of Technology in Kanpur. There he obtained an undergraduate degree and a master's degree in chemistry. In 2014, he moved to Pittsburgh, Pennsylvania on a student visa and enrolled in a PhD program for chemistry at the University of Pittsburgh.

As described in greater detail in Mr. Das's personal statement, his sister suffers from macrodactyly, a medical condition which has caused her to have severely disformed hands and arms. Mr. Das has stated that his efforts to be successful in his educational pursuits are largely driven by a desire to be a role model for his sister, and to ultimately allow him to help financially support his family as they continue to provide ongoing medical treatments for her.

There is no evidence that Mr. Das has ever abused alcohol or drugs. By all accounts, he has lead a generally quiet life, characterized primarily by his commitment to education.

### III. SENTENCING CALCULATION

Mr. Das's Offense Level, according to the Sentencing Guidelines calculation in his Presentence Investigation Report (PSIR), is 28. Additionally, because he has had no contact with the criminal justice system prior to the instant matter, he has a Criminal History Category of I. This results in a recommended guideline range of 78 to 97 months of imprisonment. The defense does not dispute the guideline calculation set forth in the PSIR.

IV. ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

Under United States v Booker, 543 U.S. 220, 245-46 (2005), the sentencing guidelines are not mandatory. Rather, the guildeline range is to be considered along with the sentencing factors set forth in 18 U.S.C. 3553(a). Id. A sentencing court's primary obligation is to choose a sentence in light of all the statutory factors in the context of a defendant's particular case, and to impose a sentence that is sufficient but not greater than necessary to meet the sentencing concerns set forth in §3553(a). See Kimbrough v. United States, 128 S. Ct. 558 (2007); Gall v. United States, 128 S. Ct. 586 (2007).

The sentencing factors set forth in 18 U.S.C. §3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

1. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Like many offenders who have been charged with Possession of Child Pornography offenses, Mr. Das did not initially appreciate the tremendous harm being caused to the subjects of the images he viewed. Such rationalization has been referred to as the "Just

Pictures" defense, and is believed to be exacerbated, in part, by the disconnect between the victim and the offender via the Internet.[1]

In the months following his charge, Mr. Das has developed a profound appreciation for the severity of his offense, and the harm caused by his actions. Secondary to the genuine guilt and remorse he feels for the victims is the shame he will carry back to India when he returns to his family following his mandatory deportation.[2] He will be a convicted sex offender, forever denied the opportunity to return to the United States and complete the PhD program he has worked tirelessly to pursue. A sentence of 28 months is sufficient but not greater than necessary to address the seriousness of the offense, justly punish Mr. Das, and promote respect for the law.

2. **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

The defense respectfully requests that the Court impose a downward variance and impose a sentence of 28 months of imprisonment. Such a sentence is sufficient to deter Mr. Das from any future criminal conduct and will protect the public from further crimes. This is especially true in light of the stipulated judicial removal that will deport Mr. Das back to his native India immediately following incarceration.[3] Indeed, the very purpose for employing

---

[1] See Hon. Michael J. Newman, Introduction: Just Pictures? Recent Trends in Research and Sentencing in Child Pornography Cases, 41 U. Dayton L. Rev. 377 (2016); Jason Scheff, Disproving the "Just Pictures" Defense: Interrogative Use of the Polygraph to Investigate Contact Sexual Offenses Committed by Child Pornography Suspects, 68 N.Y.U. Ann. Surv. Am. L. 603, 644 (2013).

[2] The Supreme Court has stated that it has "long recognized that deportation is a particularly severe penalty." Padilla v. Kentucky, 559 U.S. 356, 365, (2010) (citing Fong Yue Ting v. United States, 149 U.S. 698, 740 (1893)) (internal quotation marks omitted).

[3] It is anticipated that Mr. Das will be deported immediately following his release from incarceration, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), resulting from a conviction for an Aggravated Felony, as defined by 8 U.S.C. § 1101(a)(43)(i).

deportation as a remedy is to protect the public by "put[ting] an end to a continuing violation of the immigration laws," including violations under Title 8. Sunday v. Att'y Gen. U.S., 832 F.3d 211, 218 (3d Cir. 2016) (quoting I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984)).

3. **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

A sentence of 28 months would sooner allow Mr. Das to return to India to continue his education, provide financial support to his family, and become a productive member of society. Mr. Das will not be able to continue a pursuit of higher education consistent with the rigorous PhD program he was attending at the University of Pittsburgh while he's incarcerated. Because he is being deported upon completion of his sentence, it would not be efficient for the United States to exhaust significant resources to provide correctional, educational, or vocational treatment to Mr. Das. However, upon his return to India, Mr. Das can re-enter an educational program that will allow him to earn a meaningful income, and provide for himself, his parents, and his younger sister who suffers from macrodactyly. Importantly, his future earnings will allow him to meet the terms of any fines or restitution payments.

4. **The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Due to Mr. Das's status as a deportable alien, he is ineligible for certain conditions of incarceration otherwise available to similarly situated American inmates under 18 U.S.C.A. § 3624. For instance, Mr. Das is ineligible for pre-release confinement pursuant to § 3624(c), including; (1) serving a term of imprisonment under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry into the community, (2)

placement in home confinement for a period up to 10 percent of his sentence, (3) assistance

during prerelease custody as defined by the subsection, and (d) allotment of clothing, funds,

and transportation.[4] Id.

Additionally, the defense submits that a downward variance below the

recommended guideline range is warranted to avoid a disparity compared to other defendants

who have been sentenced before this Honorable Court. In support of this assertion, the

defense would refer to United States v. Treloar[5], United States v. Roller[6], United States v.

Janosko[7], United States v. Leneweaver[8], United States v. Barner[9], and United States v.

Klobetanz.[10][11] In all six cases, the defendants were convicted by this Honorable Court of the

same offense to which Mr. Das has pled guilty. Id. Notably, on average, the six

aforementioned defendants were sentenced to a term of incarceration that was 57.44% of the

middle of their sentencing guidelines. Id. Stated differently, on average, the same defendants

were sentenced by this Honorable Court to a term of incarceration that was 35% less than the

minimum advisory term. Id.

---

[4] See Lartey v. U.S. Dep't of Justice, 790 F. Supp. 130, 133 (W.D. La. 1992) ("[§ 3624(c)" only applies to prisoners that are being released to a community within the United States.").
[5] Docket No. 2:12-cr-00046 (W.D. Pa. Feb 29, 2012)
[6] Docket No. 2:13-cr-00163 (W.D. Pa. Jun 04, 2013)
[7] Docket No. 2:13-cr-00211 (W.D. Pa. Jul 30, 2013)
[8] Docket No. 2:14-cr-00175 (W.D. Pa. Jul 15, 2014)
[9] Docket No. 2:15-cr-00181 (W.D. Pa. Aug 25, 2015)
[10] Docket No. 2:15-cr-00266 (W.D. Pa. Dec 16, 2015)
[11] Additionally, in United States v. Ilich, Docket No. 2:16-cr-00044 (W.D. Pa. Mar 08, 2016) the defendant was convicted of the same offense as Mr. Das, and received a 48-month sentence. Inclusion of Mr. Ilich's sentence would likely decrease the average percentage of downward variance among similar defendants. However, because his Offense Level Score and Sentencing Guidelines are currently unknown to the defense, Mr. Ilich's sentence has been omitted from this computation.

## V.  A LENGTHY TERM OF INCARCERATION FOR A DEPORTABLE ALIEN WOULD RESULT IN AN UNECESSARY COST ON TAXPAYERS

Although courts in the Third Circuit have not explicitly ruled on the effect a defendant's likely deportation should have on the allowance of a downward sentencing variance, Judge Wilfred Feinberg, writing for the Second Circuit Court of Appeals, has stated, "It may be that a sentencing judge can consider deportation when he or she identifies, with some particularity, why a specific defendant is certain to be deported and why deportation, in light of that defendant's individual circumstances, will serve to protect the public." United States v. Wills, 476 F.3d 103, 109 (2d Cir. 2007). [12]

The defense recognizes that the Third Circuit Court of Appeals has ruled that a District Court cannot depart downward based on a defendant's willingness to be deported without a request from the United States Attorney and, notably, the defense has not requested such a departure.[13] United States v. Croussett, 29 F. App'x 85, 87 (3d Cir. 2002) (citing United States v. Marin-Castaneda, 134 F.3d 551, 555 (3d Cir. 1998)). Rather, the defense submits that a downward variance, as opposed to a departure, would be appropriate.

Stated plainly, a sentence at even the bottom of the recommended guideline range would unnecessarily burden American taxpayers by billing them for the incarceration of an individual who will, regardless of the length of his incarceration, be deported immediately upon release. A

---

[12] As stated in Footnote 3, supra, it is anticipated that Mr. Das will be deported immediately upon release from incarceration, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), thereby satisfying Judge Feinberg's non-binding recommendation that the certainty of deportation be identified when considering a downward sentencing variance.

[13] However, as Judge Thomas Ambro noted in a footnote to United States v. Colon, 45 F. App'x 210, 212 (3d Cir. 2002), "[O]ther circuit courts have recognized that deportable alien status can give rise to a downward departure when it results in extraordinary hardship that places the defendant outside the "heartland" of the Sentencing Guidelines, unless the applicable guideline presumes a defendant who is a deportable alien (i.e., in cases involving certain immigration offenses). *Id.*

downward variance to a 28-month term of incarceration would provide substantial relief to taxpayers and save precious government resources.

According to recent data released by the Bureau of Prisons, the average cost of incarceration for Fiscal Year 2017 was $36,299.25, or nearly $100 a day.[14] This represents a 4.6% increase from the previous annual average cost of incarceration in 2016, which was an 8.53% increase from the year before that in 2015.[15]

Assuming a 5% increase over each previous year, the cost of Mr. Das's incarceration, if he were to be sentenced to a term of imprisonment within the sentencing guidelines, would be between $296,730 and $379,218. By comparison, a sentence of 28 months would cost $95,858. Therefore, a downward variance to a sentence of 28 months would save taxpayers between $200,871 and $283,459 compared to a sentence within the Sentencing Guidelines.

Crucially, as outlined above, a sentence within the recommended guideline range would be a costly burden on American taxpayers, and wholly unnecessary in light of the fact that an expeditious deportation would effectively prevent Mr. Das from committing further crimes in the United States at the much lower cost of the deportation proceedings.

---

[14] "Annual Determination of Average Cost of Incarceration, April 30, 2018" 83 Fed. Reg. 18863.
[15] "Annual Determination of Average Cost of Incarceration, July 19, 2016" 81 Fed. Reg. 46957.

VI.       CONCLUSION

For the reasons just stated, Mr. Das respectfully requests that the Court sentence Mr. Das to a period of 28 months imprisonment, to precede his immediate deportation, because such a sentence would be "sufficient but not greater than necessary" to meet the concerns outlined in §3553(a).

Respectfully submitted,

/s/ Samir Sarna
Samir Sarna, Esq.
Attorney for Abhijeet Das

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2018, I electronically filed the

foregoing pleading with the Clerk of the Court using the CM/ECF system, which

will then send a notification of such filing (NEF) to the following:

Lee Karl, Esq.
United States Attorney's Office
700 Grant Street
Pittsburgh, PA 15219

/s/ Samir Sarna
Samir Sarna, Esq.
Attorney for Abhijeet Das
Pa. Id. No. 310372
Worgul, Sarna & Ness, LLC
429 4th Avenue, Suite 1700
PGH, PA 15219
(781) 726-0647

July 9, 2018